UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO_____

| | |
|---|---|
| Gerard Grandoit, | ) |
| Employee, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Cooperative For Human Services | ) |
| and another [1] | ) |
| Employer, Defendant (s). | ) |

COMPLAINT



## **INTRODUCTION**

The Plaintiff, Gerard D. Grandoit, was working at GTE Corporation as a contract engineering technician for Technical Aid Corporation, (" Tech Aid ") and fell down from a highly defective bench chair which collapsed on March 23, 1990 where he sustained an injury to his cervical and lumbar spine. He was also holding at a second job at Cooperative For Human Services, the second employer, the defendant here on the record. His case was accepted at the Department of Industrial Accidents (" DIA ") for worker compensation benefits due to his medical condition. Liberty Mutual Insurance Company paid him compensation benefits at the rate of Technical Aid and filed a discontinuance of benefits on March 21, 1991. A conference Judge heard both sides and found him to be disabled for his medical disability. The judge was not able to calculate the single Average Weekly Wage ("AWW") due to a false information provided by the defendant. He issued a conference order on April 21, 1991 asking the plaintiff to bring the truth of concurrent employment

---

[1] Another, responsible party by each report submitting.

1

on the next court day. The plaintiff came back to a hearing de novo before a different judge. The defendant still provided the same false information in a computerized work sheet requesting by department to the DIA by stating that the plaintiff was fired before the date of the accident. The single member based on this false fact to find that the plaintiff did not have any concurrent employment due to the information from the defendant's office. The plaintiff appealed the decision at the Reviewing Board the Appeals Court where a single justice advised him to re-file his claim with a different theory and counsel. He followed the advise and still did not receive the correct AWW which was against him at the time of the first hearing at the DIA. The Appeals Court did not want to disturb the board on the wrong fact which was already mailed and submitted to the DIA.

The plaintiff brings this action to this court against Cooperative For Human Services which was intentionally, dishonestly, maliciously, unlawfully, knowingly, willfully, illegally, deliberately provided a false statement in a report to avoid of participating in the worker compensation benefits where this act of deception had caused harm to his claim at the DIA. The report convinces the single member that he was a liar and was not an employee for the defendant at the time of the accident when the statement made was not true on the record. This complaint is challenging the willful misconducts and reports for a fair justification on the merits contained thereof.

The plaintiff redirects this action to recover on the benefits owed to him due to the truth on the time sheet contrary to the date that he left work. He was not believable due to the report from the defendant causing his claim to be discontinued at the DIA on benefits owed to him. The defendant stated in his reports that he was fired on March 18, 1990, March 23, 1990 and March 31, 1990 by making him not to receive the concurrent employment in his claim. He leaves his administrative remedies to rest in the legislative act for due process of law when a party deliberately

2

provides a wrong fact intentionally to destroy the credibility of a witness as here by the defendant misleading and deceiving the whole DIA in a piece of paper to benefit itself.

## PARTIES

1. The plaintiff, Gerard D. Grandoit, is a resident of Cambridge, Massachusetts, United States and citizen of the United States who lives now at 2 Cedar Square, Apt. 1 Cambridge, Massachusetts in the Middlesex County of Cambridge.

2. The plaintiff, in the name of the father, in of the son, and of holly ghost, Amen is a spiritual delegation who lives inside of his life, located at 2 Cedar Square, Apt. 1, Cambridge, Massachusetts in the Middlesex County of Cambridge.

3. The plaintiff, soul, is a spiritual delegation who lives inside of life, located at 2 Cedar Square, Apt. 1, Cambridge, Massachusetts in the Middlesex County of Cambridge.

4. The plaintiff, spirit, is a spiritual delegation who lives inside of life, located at 2 Cedar Square, Apt. 1, Cambridge, Massachusetts in the Middlesex County of Cambridge.

5. The plaintiff, inspirit, is a spiritual delegation who lives inside of life, located at 2 Cedar Square, Apt. 1, Cambridge, Massachusetts in the Middlesex County of Cambridge.

6. The plaintiff, holly spirit, is a spiritual delegation who lives inside of life, located at 2 Cedar Square, Apt. 1, Cambridge, Massachusetts in the Middlesex County of Cambridge.

7. The plaintiff represents by Prose, Gerard D. Grandoit, in this proceedings located now at 2 Cedar square, apartment 1, Cambridge, Massachusetts 02140.

8. The defendant, Cooperative For Human Services, has its usual place of business in 110 Pleasant St., Malden, Massachusetts 02148.

3

## FACTS

9.    The plaintiff was working for Technical Aid Corporation at General Telephone Electronics, Inc., Government Systems Corporation, located at 77A Street, in Needham, Massachusetts, as an electronic engineering technician to perform electronic duties where he fell due to a highly defective working bench chair which collapsed by making him to injure his cervical and lumbar spine on March 23, 1990.

10.   He was also working for the defendant, Cooperative For Human Services, (" CFHS ") in the weekend and considered as an employee for Cayman Systems Incorporated at the time of the accident. Liberty Mutual Insurance Company ("LMIC") paid him compensation benefits to the rate at Technical Aid Corporation, ("Tech Aid"). He did not receive the correct rate from the three employers at the time of the accident. He requested his information to the defendant's office where the defendant mailed a letter to him stating that he was fired on March 18, 1990. LMIC was refusing to adjust the correct wage after seeing the report.

11.   On March 21, 1991, the plaintiff went before a conference Judge on the matter whom accepted his claim and discontinued his total benefits due to the letter from the defendant stating that he was fired on March 18, 1990. He requested for him to bring the correct information on the next court day for the correct single AWW.

12.   On December 6, 1991, the plaintiff timely appealed the Order which came before another administrative judge for a pre-conference hearing whom requested the Insurer and the plaintiff to enter into a Lump Sum Settlement of Agreement due to the medical condition of the plaintiff. The LMIC was retaliating on the concurrent employment after seeing that the plaintiff was fired on March 18, 1990.

13.     On November 13, 1992, the plaintiff and the defendant appeared before the pre-conference Judge for a hearing de novo whom heard the plaintiff's side on the matter. The defendant still lied in a different piece of paper requesting by the DIA to provide the correct last day of employment. It mailed a computation work sheet directly to the DIA with the same early false statement that the plaintiff was fired on a date before the accident by making the plaintiff's claim to be more difficult to resolve on the concurrent employment after the 2nd information receiving by the DIA from the defendant. The single member did not believe the plaintiff nor adjust the single AWW due to the wages from the three employers, Technical Aid, CFHS and CSI at the time of the accident but the member did find that the plaintiff was an employee at the three employers before the accident.

14.     At some relevant times, the plaintiff told the defendant that it would not be participating in the compensation benefits owed to him. It accepted to provide the true record by correcting the early errors made and stated in a letter that it was a mistake from its party on the wrong information providing early to the DIA on April 18, 1990.

15.     The single member also found that the plaintiff's disability was predominantly arising out of and in the course of first employment on the date of the accident but he was fired on March 18, 1990 before the date of the accident at the defendant's site. The plaintiff has been trying since then to prove the injustice done by the defendant that he was an employee at the time of the accident for the defendant but the judge did not believe him where the defendant's letter stopped him from receiving his benefits.

16.     On or about November 30, 1996, the plaintiff filed a new claim with different Counsel due to the Memorandum and Order by the Appeals Court. He was facing a lot of stresses at the time due to the deceitful report which was putting a stop on his disability benefits and

violating the duty owed to him.

17. On May 20, 1997, the defendant accepted to correct the error made causing the plaintiff to lose his on the first hearing decision at the DIA and came to the court to testify that the plaintiff did work on March 23, 1990 and got paid for the hours worked.

18. On or about February 5, 1999, a second, " 2nd ", hearing judge reached a decision and did not adjust the single AWW due to the report from the defendant's office which was against him during the first hearing decision.

19. The plaintiff appealed the decision at the DIA but the reviewing board did not have the power to overturn a recusal of law member on May 12, 2000 due to the first hearing decision on January 12, 1993 whether the plaintiff was not an employee for the defendant at the time of the accident. The plaintiff appealed the decision to the Appeals Court whom also did not have the authority to change the Memorandum Order from the single justice which was affirmed the first hearing decision at the DIA adopting a misleading fact to stop the plaintiff from receiving his constitutional right at the DIA.

20. The Further Appellate Review from the Supreme Judicial Court affirmed all decisions relating to this claim at the lower by not accepting the claim for further appellate review.

## JURISDICTION AND VENUE

21. This Court has a jurisdiction over the subject of matter illustrating in sets forth above pursuant to 28 U.S.C. § 1445, Federal Employer's Liability Act ("FELA") on bad faith, breath of duty, discrimination, tort, miscellaneous actions, injustices, Fraudulent acts, jurisdiction of state court in connection with the law under the Fair Labor Standards Act, (" FLSA ") 30 U.S.C.§ 901, et seq.

22.   This case also falls under the application of ERISA, 29 U.S.C.§ 1132 along with the preemption issue under § 301 of the Labor Management Relation Act ("LMRA"), 29 U.S.C.§ 185; 28 U.C.S. § 1331 and 29 U.S.C. § 216 (b) and other applications related to his claim.

23.   The defendant was hired its examiner to perform an orthopedic examination to the plaintiff. Both parties, members, the defendant and its examiner have its places of business in this district subject to personal matter of jurisdiction. The venue is proper here pursuant 28 U.S.C.§ 1391 since the defendant had its business in this district and it is subject to personal jurisdiction pursuant to 28 U.S.C. § 1445 FELA.

24.   The defendant improperly and materially breached his contract in mailing a wrong information to the DIA to avoid of participating in the worker compensation benefits by stating that the plaintiff was fired on March 18, 1990 when the information provided was false, unjustified. The plaintiff did work and receive paid for the hours that he worked on March 23, 1990 at the defendant's site. The breach of the obligation took place by the defendant in this district and the defendant subjects to this district.

## COUNT I
## PLAINTIFF'S ALLEGATIONS

25.   During the FLSA and other applications period thereafter, the job of the plaintiff was to :

   a.   carry a fixture to put it to a mainframe computer for testing different electronic boards. It requires two people to put the fixture on the machine sometimes.

   b.   follow the requirement provided by the site on the test needed to perform for such day in accord with the policies, guidelines and practice from the employer.

   c.   receive the data necessary from the site in accord with the employer's procedures, guidelines and practices.

26.    Plaintiff worked 40 hours per week at the employer and got paid in hourly basis. He never lost a day of work from the time of hiring to work on the contractor site until the last day of employment, and rarely missing a day out of work unless it was an emergency.

27.    He worked at the defendant's site to supervise one to three persons along with three clients in the weekend shift from Friday night to Monday morning until the date of the accident. He had to provide a management and social responsibilities under the direction of the program manager at the place in helping children who are unable to function properly for themselves. He worked a total of 48 hours in every weekend without missing one but he might miss one or more in rare circumstances.

28.    The plaintiff worked in a third employer, Cayman System, Inc., as a consultant technician and considers as an employee at the time of the accident. His duty was to test and fix electronic boards at the request of the employer. He had to be honest after each performing and fixing the boards. He worked a total of 40 hours a week in the second shift without missing a day out of work but he might miss one or more in rare circumstances.

29.    The primary duty of the plaintiff at each employer was to be honest in performing the duty owed according to the requirement from the contract signed at the employer.

30.    During the FLSA work period at Technical Aid Corporation, a defective chair collapsed by causing him to fall and injure his cervical and lumbar spine which caused him to seek administrative remedies against the Liberty Mutual Insurance Company. He discontinued from receiving concurrent employment due to injustice done by the defendant.

31.    As a result of each issues raised above, the defendant was acting coercively, maliciously under the common-law duty of bad faith and dealing in providing false information to the DIA under 28 U.S.C. § 1445 which caused him today to seek administrative remedies against

the defendant for deceiving and misleading the DIA on all counts, G.L.c.152, §§ 28; G.L.c.93A,§§ 9 and §§ 11 approving by this court.

## COUNT II
## FLSA CLASS ALLEGATIONS ON PARTIES INVOLVED

32.   The plaintiff repeats and re-alleges paragraph 1 to 31 of this complaint here. His duties and activities to the defendant were to respect the FLSA with full honesty. The defendant was supposed to follow the same requirement in their duties and activities as described above on the obligation owed to the plaintiff. The defendant received a request from the plaintiff and the DIA to examine the record and provide the true record found after the research done under the same standard of employment procedure and practice from the law of Massachusetts to perform an honest examination for a fair opinion in a report.

33.   The defendant's action demonstrates an unfair and deceptive practices by the Mass. Gen. Laws chapter 93A in mailing a false fact to the DIA which made the single member to believe in a wrong opinion that the plaintiff was fired on March 18, 1990 when the plaintiff received payment for the hours worked at the defendant's site.

34.   The harm done caused the plaintiff to lose his credibility, demeanor, claims, benefits and other relevant aspects due to the wrong fact produced by the defendant at the DIA which constitutes a chapter 93A violation.

35.   The defendant wrote that the plaintiff worked from April 1989 to March 24, 1990 in its record. It also wrote that the plaintiff's last day of work was March 24, 1990 but it sent a letter to all avenues that the plaintiff was fired on March 18, 1990 when it was not true.

36.   During the FLSA period, the defendant was purposely, willfully, dishonestly, intentionally,

deliberately, prejudicially, maliciously, knowingly repeating these acts under 29 U.S.C. § 207 (a) at the DIA to take an advantage of the plaintiff in order to avoid of participating in the worker compensation benefits when it was not involved. Its action caused the single member to reach a decision against the plaintiff on concurrent employment.

37.    The benefit of the doubt usually reaches to the truth, the paystub, record, time sheet which conformed to the quality of standards as set forth in 20 C.F.R. § 718.103.

38.    The defendant made several inconsistencies in more than one occasions by repeating the same actions again and again against the plaintiff in sets forth herein for violation under the 29 U.S.C. § 207 (a).

39.    The defendant was violating the plaintiff's right under the M.G.L.c.152 § 14 which requires a party to be honest in a claim filing at the DIA or M.G.L.c.152 § 28 will appear on the early injustice done.

40.    In submitting the evidence on the record from the sets forth above here, section 727.203 (b) (4) calls for justice to stop this type of injustice like this example from repeating itself in the near future. The defendant severely damaged the plaintiff's credibility and demeanor by making the whole DIA to believe in a false interpretation on the record.

41.    The defendant, like the plaintiff, was subject to the same lawful policy under the FLSA to perform a consistent examination on a duty owed without acting bias nor prejudice but the defendant failed the provision under the law by showing his clear opinion visibly due to the result of his action, examination and writing against the plaintiff.

42.    The defendant mailed a letter, as a matter of fact, to the DIA to prevent the plaintiff from receiving his benefits. This deceptive practice describes under the Mass. Gen. Law 93A for the violation of the statue under the Massachusetts Workers Compensation Act, section 14

and 28, as a matter of law, that the plaintiff would have received the correct single average weekly wage had the defendant did not send a falsifying information to the DIA to destroy his credibility and demeanor for personal gain on the record.

43.   During the rule 23, the defendant violated the Massachusetts Law of practice by providing an untrue statement to the DIA in order to stop the plaintiff from receiving his constitutional right which was not true according to the record .

44.   The purpose of responding to any letter receiving from the DIA was to provide the correct date that the plaintiff left work since the DIA did not believe the plaintiff but the defendant repeated the same action purportedly without correcting its early mistake which proves that it was intentional, willful, unjustifiedly, unlawful, etc.,.

45.   As a result of this count, the plaintiff, his parties, claim his right on the issues which were voluntarily provided against him for the termination of his benefits at the DIA.

## COUNT III
## VIOLATION OF THE LAW

46.   The plaintiff repeats and re-alleges paragraph 1 to 45 of this complaint, comprehensively, and incorporates them by a reference as fully set forth below :

47.   The defendant's conscience, as described in paragraphs above, and as more fully showing in the report's response on the record from its office to the DIA, constituted an unfair, deceptive opinion under examination which declares an unfair justice by M.G.L.c.30A, section 14 (7) (a) (d) at the Appeals Court in connection with M.G.L.c.152, section 14 at the DIA and 28 U.S.C.§ 1445, FELA in this court.

48.   The defendant was deceiving and misleading the whole DIA directly but acted unjustifiedly

against the plaintiff in his report. It made the plaintiff to look like he was submitting a fraudulent claim at the DIA on concurrent employment just to avoid of participating on the worker compensation benefits.

49.    The company purportedly signed a document stating that the plaintiff was fired on March 18, 1990, a week before the accident. This act could have caused the plaintiff to be locked in a solitary hole for his constitutional right.

50.    The defendant sent a paper to the Internal Revenue Services stating that the plaintiff was fired on March 23, 1990 on the date of the accident. It mailed a letter to the plaintiff stating that he was fired on March 18, 1990. It mailed the same information to the DIA directly stating that the plaintiff was fired on March 18, 1990 along with a computation work sheet filing for the DIA stating that he was fired on March 18, 1990. It again wrote on its record that the plaintiff received his last check from the week ending on March 31, 1990.

51.    The defendant wrote a last letter on May 20, 1997 to clarify the injustice done in defending itself stating that it was a mistake from its part on the wrongful date providing to the plaintiff and the DIA but the error had caused a severe harm to the plaintiff's claim on concurrent employment by making the single member to look unjustifiedly when the intern life proves contrary to the accusation to her human heart in case solving early at the DIA.

52.    As a result of the violations and described paragraphs above, the plaintiff suffers a judgement from this court against the defendant with interest and penalty due to the dishonesty and trust which caused the 1st hearing judges to believe that he was fired on March 18, 1990, a week before the accident when he did work and receive paid for the hours worked. He did not receive concurrent employment under applicable benefits of G.L.C.152, § 35 at the DIA due to the report from the defendant's office making his benefits to discontinue.

## COUNT IV
## NEGLIGENT DUTIES BY DEFENDANT TO THE PLAINTIFF

53.    The plaintiff repeats and re-alleges paragraphs 1 to 52 of this complaint, comprehensively, and incorporates them by a reference as fully set forth below:

54.    The defendant had a duty to provide a fair or close to an accurate finding but it exclusively rejected a true evidence from its record which caused the plaintiff not to receive his concurrent employment.

55.    As described in paragraphs above, the defendant did not fully examine the record properly by providing a wrong fact on May 11, 1990 which was a false information pursuant to the provision of chapter 152, section 4 in connection with M.G.L.c.30A, section 14 (7) (d ) against the plaintiff which constitutes that the defendant was wrongly diagnosed its record to find out the truth on its record. Its finding caused the plaintiff to lose his right at the DIA.

56.    An incorrect diagnosis could lead an injury to a long term of injustice in the same way that an incorrect examination is incorrect diagnosis as treatment. The incorrect diagnosis from the defendant in providing the wrong record caused the DIA not to treat the plaintiff with the law due to the true evidence on the record. The plaintiff suffers a financial depression due to the falsifying information which was the proximate cause making the DIA to reject the concurrent employment. The violation of the statute by the defendant was liquidated in making the DIA to reject the plaintiff's claim on concurrent employment.

57.    As a result of the injustices describing above, the defendant was leading the DIA to a wrong belief from the beginning of the first hearing until the end of this claim, the plaintiff suffers a Judgement against the defendant with interest to date, plus future interest for producing a false report, as stated in the paragraphs above, the report deceived and misled the DIA which

caused the plaintiff to lose his constitutional right on concurrent employment on the AWW..

## COUNT V
## CLASS ACTION ALLEGATION ON THE MALFEASANCE

58.    The Plaintiff repeats and re-alleges paragraph 1 to 57 of this complaint, comprehensively, and incorporates them by a reference as fully set forth below:

59.    There are several common questions relating to the facts and laws in this allegation against the defendant under the M.G.L.152, § 14 at the time that the plaintiff's claim was at the DIA by making the plaintiff to incorporate paragraph 1 through 55 here. The duties of the defendant was improper and inconsistent with the definition of the status of honesty. It sent a lot of reports with different dates to prevent the plaintiff from receiving the liability owed to him in his claim on his concurrent employment.

60.    By its conduct, as set forth herein, the defendant violated the provision of M.G.L.152, § 14 in sending an intentional report to the DIA in absence of the plaintiff to discredit his demeanor and credibility by making the whole DIA to believe in this erroneous finding.

61.    The defendant contributed on the negligent, intentional infliction, emotional distress due to its wrongful, illegal, dishonest, discriminatory, unlawful actions done in mailing a false information to the DIA directly to avoid of participating in the compensation benefits.

62.    This deceptive practice, tortuous conduct made by the defendant under the Mass. Gen. Laws chapter 93 A convinced the single member to believe in a wrong prediction, assumption, supposition, truculence like the year of 1932 in this country.

63.    As a result of the malfeasance done by the defendant above, the plaintiff prays this court honor to treat his claim as a worker compensation case, to avoid criminal justice of entering since he got the impression was a mistake of fact provided by the defendant in his claim.

## COUNT VI
## DISCRIMINATION AND BREACH OF CONTRACT

64. The plaintiff hereby incorporates paragraph 1 through 63 above and re-alleges the allegations, the same, as stated therein pursuant to 19 U.S.C. § 1673 on intentional violation under customs duties and 42 U.S.C. § 1988 under common law civil right along with 28 U.S.C. § 1447 and U.S.C. 1445, FELA.

65. In this court, the plaintiff brings a separate cause of action against the defendant under to the Fed.R.Civ.P.23 who was discriminating against him visibly in its report and wrote an untruth statement to support its feeling, emotion, anger, report according to the action done which proves that the act done was due to his color, age, race, sex, status, ethnicity, etc. in life.

66. The worker compensation claim was not over yet where the plaintiff was not able to file a discrimination complaint against the defendant early on the discriminatory act done by its office. Its independent, contracting action caused harm to the plaintiff's right at the DIA with its practice. It was constructively stating a lot of irrelevant issues which relates to discrimination on its report in connection with 28 U.S.C. § 1445, 92.

67. The defendant was discriminated against the plaintiff on the record by mis-leading and categorizing facts, giving wrong dates in different occasions, describing wrong aspects, performing and acting improperly in its report.

68. During the unjustified process, the defendant also violated the contract made with the plaintiff and acting improperly on the record which had caused the plaintiff not to receive his constitutional right on the concurrent employment at the DIA under M.G.L.c.152. 75.

69. According to the Fed.R.Civ.P.23, the plaintiff brings this claim against the defendant under the Massachusetts law as an exempt from the provision of M.G.L.c.152, § 14 which was in

effect at the time that the defendant mailed its report to the DIA.

70.     As a result of the above-described breaches of contract by the defendant, the plaintiff is suffering a Judgement against the defendant with interest to date, plus interest for producing a wrong report to the department making him to lose his right at the DIA.

## COUNT VII
## DEPRESSION SUFFERED DUE TO THE INJUSTICE

71.     The plaintiff repeats and re-alleges paragraph 1 to 70 of this complaint, comprehensively, and incorporates them by a reference as fully set forth below:

72.     During the course of suffering, the plaintiff was accepting to a chiropractor school and a law school to remove himself from the depression that he suffered. He did not receive the help needed to move on to the next step of treatment due to the decision of the first hearing which was basing on the report from the defendant to find him of being a liar.

73.     The plaintiff still suffers from depression after seeing that he worked at the date of the accident where the defendant provided a wrong information to the DIA against him.

74.     There were psychiatrists, psychologists and his doctors found him to have psychological disability and moreover, a wrong fact produced caused him to be more depressed.

75.     Due to the injustices stated above, he has been receiving a lot of spiritual treatments from the Lord to prevent him from having a stroke nor committing any wrong thing in his life which is not an easy duty after of what he went through. His high blood pressure was elevating from time to times to 148 by 122 +; 140 by 110, 90 + after thinking of the injustice done by the defendant to him in its report. He could have died during the process but he is able to maintain it recently with 2 to 3 different blood pressure medications.

76.    There was a time that he had a suicidal thought when he saw that he did not do anything wrongly where he was the one paying the consequences of the wrongdoing by other party in his claim at the DIA. He is a human being where this thought comes to his head without knowing why by he always get his strength back when he is helping other lives.

77.    He wanted to settle down but he could not go out to find his expectation due to his financial situation causing by the result of his claim at the DIA on the defendant's letter.

78.    The plaintiff is struggling to make it and survive. He could not maintain the duty properly as wanted by his spirit and soul for the holly ghost. He does not have a car nor the proper book to follow the direction chosen by the lord for him to perform. He has to go to laundry, pharmacies, stores, market, etc., in carrying light, heavy things in his hands by forcing himself to walk with these purchases in his hands when he can not carry them sometimes.

79.    As a result of the facts stating above, he was extremely depressed until God removes him to some instants by putting him in a mission for him which has been helping him after the discontinuance of benefits where he is claiming his right in the issues making to be depressed in order for him to return the favor back to God by another form in life.

## COUNT VIII
## DISTURBING THE WELL BEING

80.    The plaintiff repeats and re-alleges paragraph 1 to 79 of this complaint, comprehensively, and incorporates them by a reference as fully set forth below:

81.    The plaintiff is an individual who believes in all religious under the direction of, and represents, the intern father, Jesus Christ, his soul, his spirit, holly ghost, holly spirit and Amen for the best interest of his health. It would be proper for the doctrine of the law to

create an exception here with its normal ruling of practice for this example to carry on in the history book that his intern life was suffering while he is suffering due to the injustice done to him by the defendant on the record.

82.    As a nation under the constitution, the early injustice caused harm to his status in both economic and physical conditions where he is claiming his right on all issues expressing under this court for each party representing here.

83.    The plaintiff is only looking to have a peaceful agreement with the party which had done wrongly to him in his claim. It was due to this accident that he was receiving social security disability. The office of medicare deserves to get reimbursed on the services provided to him since it was not the one causing his claim to rise on benefits without reaching to a settlement. The first member allowed both parties to reach a settlement after the case being accepted at the DIA. The the report from the defendant, its office and others were the one convincing the judge that the plaintiff was not disabled at the time of his examination.

84.    By the virtue of this discrimination on the action, injustice, harm done to the plaintiff in his claim, it's only God who could remove a Shepard's case from the location of un-justification to justification. The defendant was against the plaintiff in his claim with a strong reason to lie for whatever reason it may be.

85.    The plaintiff is claiming his right under the discriminatory practices with the meaning of the Civil Right Act 42 U.S.C. § 1981 and the Fourteenth Amendment for injunctive relief that he lets the law to decide on the matter.

86.    His spirit and soul were affecting where he has to receive a lot of spiritual and inspirational blessings from the church of our Lady of Pity and Lady of Perpetual under the direction of a father to prevent him from being a cadaver in life.

87.  The holly ghost has been upsetting by making to have a lot of scary dreams from times to times in the dark side of life due to the outcome of this case where he has a restriction preventing him from going to the next step to serve his nation for All on this earth.

88.  The plaintiff is only asking this court to create a new substantive liability for his spirit, soul and holly ghost demanding justice for all victims involved in his allegations. The social security provided benefits and treatments to him. His medical and hospitals bills did not fully pay yet due to the defendant. He has to pay all spirits who helped him early in his life.

89.  The DIA did not fully exercise its discretion to allow him of receiving his constitutional right which was violating by the defendant who misled and deceived its own department directly without the involvement of any party in this claim.

90.  His mind was not fully setting in what to do since he was not a lawyer where he has to call a firm in asking an attorney on how and what to do for filing a claim in this court.

91.  The plaintiff is only asking this court to create a new substantive liability for his spirit, soul, the intern father, the intern son, holly ghost and Amen whom demand justice for all victims involved in his allegations.

92.  The social security provided benefits and treatments to him. His medical and hospitals bills did not fully finish to pay yet. He has to return the favor back by the spiritual lawyer, judge, doctor, politician, president, leader, anchor who helped in the dark side to bring this case to an exception quietly without lighting a light in our land.

93.  As a result of the disturbance, the Lord wants the plaintiff to be honest and tell the truth in every question asked by any party in his claim where he is claiming his right in the new interpretation, exempt of the law which will be into application under this court due to the wrongdoing by the defendant in his claim at the DIA.

## COUNT IX
## SOCIAL SECURITY DISABILITY

94.    The plaintiff repeats and re-alleges paragraphs 1 to 93 above pursuant to U.S.C.42 §§ 301 & seq; 401 et seq; 1301 et seq and for medicare treatment U.S.C.48 § 1382i of this complaint, comprehensively, and incorporates them by a reference as fully set forth below:

95.    During the year of 1991, he had a lot of scientific tests done such as MRI, X-rays and EMG at before the discontinuance of benefits. He also had a test done on a computerized strength from a machine where the results of the tests revealed chronic fatigue syndrome, denervation, bulging disc which can be a severe impairment depending on each person in life. He was hospitalized one time by the request of his doctor to receive treatments. He had several tests done at the hospital when he was feeling and having a severe migraine early. He used to have a strong pain in his rib which seems to go away but it comes back from time to times.

96.    The plaintiff started to receive social security disability benefits after five years of treatments with periodic reviews by the office due to the accident at work on March 23, 1990.

97.    As a result of facts stating above, the plaintiff is claiming his right in this reckless acts done by the defendant, its office causing his claim to be of where it is right now on concurrent employment without justice at the DIA.

## COUNT X
## VOCATIONAL REHABILITATION

98.    The plaintiff repeats and re-alleges the paragraph 1 to 97 above pursuant to U.S.C.29 § 762 and 764 of this complaint, generally and incorporates them by a reference as fully set forth below for vocational rehabilitation:

99. A long term disability does not mean that he could not be trained nor entitled to retrain himself and participate in a rehabilitation course. He had tried on several occasions to see as to whether he could return to his normal activity. He was accepting to participate in a vocational rehabilitation due to the findings from his treating doctors, psychiatrist, independent doctors that he does not even see in a regular basis along with the findings from the psychologist of the social security disability office. They all substantiated his disability but other parties did want him to progress.

100. The plaintiff wants to retain himself to see as to whether he could return back to the labor market again. He is praying this court honor in this issue since it was the early injustice done making him to be in the situation that he happens to be now on injustice.

101. Due to the injustices done by the 2nd employer and the defendant, its examiner on the false facts submitting to the DIA, the plaintiff lost his right. These shifty, unlawful, dishonest, unjustified evidences made the whole DIA to look as a court of injustice which likes to manifest injustice to innocent victims in a case. He was in heavy depressive medication and was not able to represent himself at the time of the 1st injustice issuing.

102. The plaintiff complied with the law in proving the injustice done to the DIA, the Appeals Court and Further Appellate Review. He pays the law of this court to appear in his claim since there is always a superior court as here to review the appellate court opinion due to an early injustice done to a victim in case. He had a back problem and neck problems along with other issues relating to his injury. He did perform some odd things before with precaution to prevent it from irritating when he did not have anybody to do them for him such as painting, mapping, sweeping, carrying his belongings.

103. As the result above for rehabilitation, the plaintiff made a lot of great efforts to receive the

program course but he did not receive it due to the falsifying fact provided by the defendant to the DIA where he can not proceed on the gift delivering to him now by the Lord. He was unable to perform due to the early misleading conduct involved in his claim and now the Lord helps him to prove the deceitful, actionable violation by the defendant. He files this complaint in asking the law to allow of receiving the course of treatment in this field.

## COUNT XI
## SEEKING THE AUTHORITY OF THE LAW

104.   The plaintiff repeats and re-alleges paragraph 1 to 103 of this complaint, comprehensively, and incorporates them by a reference as fully set forth below:

105.   The plaintiff challenges the defendant to all counts to both subject matters and person that the state court erred in issuing justice in his claim by making his claim to place under 28 U.S.C.§ 1447,on lacked jurisdiction, error of jurisdiction, miscellaneous, diversity, etc.

106.   This serious and willful misconduct by the defendant constituted a serious evidence under the provision of M.G.L.c.152 section 14 and 28 for being unfair, dishonest, against the plaintiff in his claim at the DIA.

107.   The defendant gave its own history in correcting the problem by proving that it was an error from its part where the plaintiff was still considered as employee at the defendant's site until the accident occurred on March 23, 1990.

108.   Having exhausted the administrative procedures at the state level, the plaintiff asks the law permission here to bring his civil allegation against the defendant into this court.

109.   This willful violation done by the defendant comes to an evidence of fact under the common law affecting a worker compensation recipient from receiving his constitutional right where

this fact is a genuine material under the common legal question of law asking this court for a fair and efficient justification, adjudication on the facts presenting here.

110.    This prima facie evidence only asks this court permission for due process of law to appear in this claim due to the extreme and outrageous conducts from the defendant which brought the plaintiff on emotional distress by its intentional infliction.

111.    The appellate court has a superior court when a mistake of fact or coercion is taking into account by injustice to prevent a victim from receiving his vital right in a case.

112.    As the result of the authority of this court, the plaintiff prays this court, justice honor for justice under the law that he was not the one misleading and deceiving the DIA for personal gain where his claim has nothing to do with the concern of the law wanting to lock him in a safe place for telling the truth on injustice done to him early in his claim.

### PROSE ATTORNEY'S FEE

113.    The plaintiff repeats and re-alleges paragraph 1 to 112 of this complaint, comprehensively, and incorporates them with all counts by a reference as fully sets forth herein.

114.    The defendant, each party's action constitute an illegal, unlawful, discriminatory prejudicial act done under each count above.

115.    By the application of each statute of law stating above, the plaintiff is entitled to receive a reasonable prose attorney's fee and costs of action pursuant to section 502 (g) (1) of each statue involved in this claim specifically under 28 U.S.C. § 1445, M.G.L.c.152, 13 due to the hard work putting and done at the DIA, Appeals Court, Further Appellate Review and this court to receive justice, his constitutional right and benefits at the DIA that most parties want to stop from receiving justice and its basic right.

WHEREFORE, the plaintiff demands judgment against the defendant for the early damages done and such other relieves as it deems and appropriate by this court to :

A)    declare all counts of this action as a collective action pursuant to 29 U.S.C. § 216 (b) and return the case back to the Supreme, the Appeals Court, the DIA or its proper avenue due to the deceitful report made by the defendant violating his constitutional right;

B)    declare that the defendant failed the due diligence by misleading and deceiving the DIA for personal gain;

C)    make an informed decision on the defendant's early wrongdoing causing the plaintiff not to receive justice on the 1st time filing at the DIA;

D)    determine the damages done by the defendant causing the whole DIA to believe in misleading, erroneous facts;

E)    bring all counts into this court to prevent the early injustice from repeating itself in the near future at the DIA;

F)    analyze the truth that the defendant was hiring to perform a duty which was delivered to the defendant whom submitted a wrong fact to the court;

G)    allow the plaintiff to recover under each serious and willful misconducts done by the defendant misleading and deceiving the DIA for personal gain under the G.L.c.152, §§ 28 and G.L.c.93A,§§ §§ 9 and 11;

H)    see that he was not the one who made his claim to rise on constitutional benefits without lump sum settlement of agreement;

I)    teach that the defendant went behind the plaintiff in producing a falsifying fact to the department of industrial accidents;

J)    determine the damages done by the defendant which causes the whole DIA to believe in a wrong assumption in order to avoid of participating in the worker compensation benefits;

K)    prevent any disturbance after the decision from stopping the plaintiff from receiving his constitutional right since the defendant's action was unconstitutional on the record;

L)    determine the damages sustained by the plaintiff from the defendant pursuant to M.G.L.c.152, 28 in violation of M.G.L.c.152, 14 to benefit its own party on the record;

M)    award those damages in favor of the plaintiff, in consequence of the wrongful conduct stating in this complaint, for such pre-judgement interest as required;

N)    prevent any hearsay evidence from bringing this claim to a beginning in square one again as it was since all evidences were already accepted into an account in this claim;

O)    acknowledge that a great, fair, brave, impartial heart like this court will not remove the plaintiff from the battle with the defendant to take over in order to put him in a safe place for what he did not do purposely to the DIA in his claim but it will issue justice due to the evidence on the record;

P)    grant plaintiff further relief as may deem just and proper;

Q)    allow the plaintiff to say pray the Lord with the trumpet of happiness that justice finally serves in this claim by a fair, brave, impartial court as here, as a representative of the lord, located in the state of Massachusetts of this country.


Mr. Gerard D. Grandoit,
Submitted by its prose,
Gerard D. Grandoit, Prose
P. O. Box 400547
Cambridge, Mass. 02140
Telephone # (617) 354-7406